Thomas E. Furlow.

No. 7875.

-vs-

Court of Appeal.

International Sulpher &
Oil Co. Inc.

Parish of Orleans.

_____

_____

_____

Dinkelspiel. J.

Dinkelspiel. J.

Plaintiff claims of defendant the sum of five hundred and eighty-two dollars with interest at the rate of 5% per annum from December, 1st. 1915, until paid, for this to-wit;-

That he was acting in his capacity as Attorney at Law and Notary Public in New Orleans; that on 26th. October, 1915, Claude D. Liedman and Louis P. Rice, proposed to purchase approximately 32 acres of land belonging to the Union Sulpher Co. in the Parish of Calaasieu, in this State, and subsequently to transfer it to a corporation which they proposed to ax organize in full payment for the entire capital stock of said company, and to have it, the company, subdivide said lots into lots or tracts containg each 300 square feet and to sell them ak at such prices as to bring the corporation large returns and eventually to xxx net to said Liedman and Rice handsome returns for their investments; that they employed plaintiff as Attorney and Notary agreeing to pay for his services the sum of $600.00.

Plaintiff then, as the Attorney and representative of the parties, Liedman and Rice, and in connection with Mr. Robert R. Stone, an Attorney at Lake Charles, to affect and dispose of the lands recited, exam--ined the abstracts of title, gave written opinion and prepared articles of incorporation of defendant company, resolutions for its Board of Directors which were adopted fixing the valuation of lands to be transferred, filed articles and resolutions of incorporation in the City of New Orleans, published same as required by law and performed all duties required of him both as Lawyer and Notary Public.

That both Liedman and Rice availing themselves

147

of plaintiff's services in connection with the organization and conduct of said corporation, and ratifying and confirming everything done in behalf of the corporation, and availing themselves of the services perfor -med by plaintiff previous to the organization of the company, which were fully ratified and confirmed, also confirming the employment of plaintiff as its Attorney and promised repeatedly to pay him for his services.

That, subsequently, on December, 9th. 1915, plain -tiff sold and delivered to defendant company certain furniture of the value of $35.00.; that he rented one of the offices in the suite of offices rented by him from the Whitney Central National Bank in the City of New Orleans to defendant company, the lease being from month to month, at the rate of $30.00. per month and begining with the month of December, 1915; that said company occupied and used the office so rented to it from the month of December up to and including the month of August, 1916, altogether nine months, for which the company owe plaintiff $270.00. for rent; and claiming other services in all the sum of $903.26. and to which the company is entitled to a credit of $321.26., in accordance with the statement annexed to the petition and made part thereof. It being distinctly understood and agreed between the company and plaintiff and between said I. dman and said Rice, that all payments were to be credited first on the cash items and rent charged by plaintiff against the company, so that the amount claimed for fees and professional services together for rents are for the amount sued for.

That the company appearantly ceased to do business in the month of September, 1916 and since then has done no business; that its assetts are in the hands of its

officers, Louis P. Rice, President, and C. D. Liedman,
Secretary-Treasurer, who have and are jeopardizing
the rights of creditors of said corporation by grossly
mismanaging the corporations business and by wasting,
misusing and misapplying the property of the corpora-
tion, and they have constantly xisixime failed and refus
ed to transfer to the company in payment for the stock
subscribed the lands hereinabove referred to having sold
said lands to third parties on such terms and conditions
as suit them, without regard to the rights of creditors
without in any wise paying for the stock, in payment of
which they were obligated to transfer said lands to the
corporation.

The officers of said corporation have abandoned it
and refuse to serve as officers and there is no one auth
orized to take charge of or conduct its affairs.

The premises considered plaintiff prays that defend
ant company be served with a copy and cited to answer
thereto, and that there be judgment in favor of plain-
tiff against defendant company in the full sum of $583.
and prays further that the company be ordered to show
cause at such time as may be designated by this Hon-
-orable Court why a Receiver should not be appointed to
take charge of its property and affairs, and that, after
due proceedings had said rule be made absolute and a
Receiver appointed to take charge of the property and
the affairs of the corporation, and for general
relief.

The petition being sworn to by plaintiff, the order of

Court reads; " The above and foregoing petition and
affidavit considered, it is ordered that the
defendant, National Sulpher & Oil Co.,Inc.,
do show cause at 11 o'clock, a. m. on Friday,
13th. April, 1918, why a Receiver should not
be appointed to take charge of its affairs,

business and property, as prayed for."
This order was rendered March, 27th. 1917.

In answer to the order, Louis P. Rice, substantially declares; that he has no personal knowledge of the organixation of the so called company, that, if any charter or anyother document pertaining to said corporation bears his name, it was not signed by him or by his authority to the knowledge of defendant herein. Denies in reply to article 10; that he is the President of said corporation, and never was; that he never attended any meeting pertaining to the affairs of said company; that he never signed the charter or authorized anyone to do so for him, or did he ever sign any paper or document pertaining to the affairs of said corporation.

On the trial of the case, subsequently had, much contradictory evidence was introduced, all of which has been carefully read and considered and none of which is either satisfactory to us one way or the other.

Whilst it is evident that defendant, Rice, and others had some dealing with plaintiff in this case, both as Attorney and Notary, there is not sufficient evidence to establish that the corporation itself received the benefit of services claimed if the corporation ever existed.

This record , we consider, presents contradictory evidence both of plaintiff and at times, in certain respects, of Mr. Rice. Whether he be President or not of the corporation, is a matter to be considered by the trial Court when this case comes finally to be heard.

This record is in such a state that it is utterly impossible to decide equitably matters as presented, and

we are of opinion that the interest of justice will be pre
preserved, and equity and law better enforced by remanding it
this case to the lower Court there to be tried according to
law.

It is therefore orderred, adjudged and decreed, that this
case be remanded to the District Court there to be tried in
accordance with the views herein expressed.

Costs of this appeal to be paid by appellant Thos.E Furlow
and the other costs to await final determination of the case.

Judgement reversed- Case Remanded.

 St Paul J. concurs in the remand. As the corporation made
no appearance the judgment even in its favor is a nullity. The
first thing that should be established is whether the corpora-
tion has been properly cited. If not, then a new citation should
issue; at any rate an appearance on the part of the defendent or
default after due citation is prerequisite to any valid judgment.